WOODS, plaintiff in error, *v.* THE PEOPLE.

*Evidence — rape.*

Evidence of illicit sexual intercourse between the prosecutrix and persons other than the person indicted for rape cannot be admitted.

THIS is a writ of error brought on a conviction for rape, had at the New York general sessions at the June term, 1872. On the trial, after the people closed their case, counsel for the prisoner called one John McCormick and made the following offer:

"I offer to prove by this witness and seven or eight other witnesses, that this woman (the prosecutrix) is in the habit of receiving men at her rooms for promiscuous intercourse, and for liquor especially." The testimony was excluded.

*Benjamin K. Phelps*, district attorney, for defendant in error.

*James D. McClelland* and *William F. Kintzing*, for plaintiff in error. The evidence was offered for the purpose of attacking the credibility of the prosecutrix, as to whether she resisted the commission of the act, and is admissible. 19 Wend. 192 ; 1 Abbott, 418.

BRADY, J. The offer of the defendant to show acts of illicit sexual intercourse between the prosecutrix and persons, other than himself was properly rejected on the authorities, many of which will be found collated in *The People* v. *Jackson*, 3 Parker, Cr. C. 391, in which this proposition is asserted and declared. It will be found that where the proof has been received the intercourse has been denied by the prosecutrix on cross-examination and it has been allowed to contradict her. *The People* v. *Abbott*, 19 Wend. 193. In the latter case, Justice COWAN doubts the propriety of this rule when

the general character of the prosecutrix for chastity may be shown, insisting, and I think, with great force, that particular acts of illicit intercourse are more direct and conclusive than the other evidence. "It is absolutely necessary," said J. B. STRONG, J., in 3 Parker, *supra*, "to the constitution of the offense, that the outraged female should have resisted to the extent of her power until the crime was consummated, unless such resistance was prevented by threats and intimidation," and yet it appears as the result of his examination of the cases and the conclusion is justified, that particular acts of lewdness cannot be given in evidence. I think the rule unjust. Although in the case in which the woman prosecutes it may be that she did not consent, nevertheless, it seems to me, that evidence of promiscuous intercourse by her bears directly upon the question whether she would resist to the extent of her power the advances of a person with whom she had been in social intercourse, and of whose liquor she had partaken until under its influence, if not intoxicated. I reluctantly yield to the conclusion, that on the authorities, these cases form no exception to the general rule. It is the more to be regretted from the fact, that if the prosecutrix be not asked the question of improper intimacy with others, or, being asked, declines to answer, which she has the right to do, the prisoner cannot at all introduce the evidence to show it, unless it be in the form of assailing her general character for chastity.

It is not difficult to imagine a case in which a woman would permit liberties to be taken with her by several persons, and yet not be in general reputation other than strictly virtuous.

The judgment must, for these reasons, be affirmed.

FANCHER, J., concurred.

*Judgment affirmed.*